UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X
                                                       :
CHARLES FORD,                                          :
                                                       :
                                                       :
                    Plaintiff,                         :
                                                       :     **OPINION AND ORDER**
          - against -                                  :
                                                       :     10 Civ. 4568 (SAS)
CONSOLIDATED EDISON COMPANY                            :
OF NEW YORK, INC., LOCAL 1-2,                          :
UTILITY WORKERS UNION OF                               :
AMERICA,                                               :
                                                       :
                    Defendants.                        :
------------------------------------------------------ X

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.   INTRODUCTION

Charles Ford brings this suit against Consolidated Edison Company of New York ("ConEd") and Local 1-2, Utility Workers Union of America ("the Union") alleging breach of contract, breach of the duty of fair representation, negligent misrepresentation, retaliation under Title VII, and intentional infliction of emotional distress ("IIED"). ConEd and the Union now bring a joint motion to dismiss Ford's second amended complaint. For the reasons discussed below, the joint motion is granted.

## II.  BACKGROUND

ConEd hired Ford on September 17, 1990 as a Customer Field

Representative, promoted him three times and currently employs him as a Senior Substation Operator.[1] On May 3, 2001, Ford filed a lawsuit against ConEd alleging misappropriation of an idea for a slogan.[2] Since that time — and as recently as February of 2010 — Ford's supervisors have repeatedly denied him the training necessary for promotional examinations and for the safe execution of his duties.[3] In addition, his supervisors have falsified records to cover up the denial of training[4] and disciplined Ford for participating in ConEd's tutoring program during work hours, which he had permission to do.[5]

On January 31, 2003, ConEd terminated Ford's employment.[6] The Union pursued arbitration with respect to the termination but failed to address any of Ford's specific allegations of discrimination and retaliation.[7] On November 28, 2003, Ford filed a federal lawsuit against ConEd alleging violations of Title VII

---

[1]   See Complaint ¶¶ 5-6.

[2]   See id. ¶ 11.

[3]   See id. ¶¶ 7, 18, 38.

[4]   See id. ¶ 18(f)-(h), (t)-(w).

[5]   See id. ¶ 18(m)-(o).

[6]   See id. ¶ 13.

[7]   See id. ¶¶ 15-18.

and 42 U.S.C. section 1981, which was dismissed at summary judgment.[8] On February 2, 2004, pursuant to an arbitration award, ConEd permanently reinstated Ford subject to a twelve month probationary period.[9]

Just before the probationary period expired, ConEd extended it an additional twelve months.[10] Ford responded by filing a grievance with the Union in August of 2006.[11] Despite repeated inquiries by Ford and several assurances by Union representatives that the matter would be arbitrated, the Union's ombudsman informed Ford in September of 2009 that the grievance committee had dismissed Ford's grievance.[12] Another grievance filed by Ford in July of 2009 — citing ConEd's retaliation and failure to provide training — was also dismissed.[13] On September 30, 2009, Ford filed a complaint against the union with the National Labor Relations Board ("NLRB") but received an adverse decision in January of

---

[8] *See Ford v. Consolidated Edison Co. of N.Y.*, No. 03 Civ. 9587, 2006 WL 538116 (S.D.N.Y. Mar. 3, 2006).

[9] *See* Complaint ¶ 22.

[10] *See id.* ¶ 23.

[11] *See id.* ¶ 25.

[12] *See id.* ¶¶ 26-31.

[13] *See id.* ¶ 40.

2010.[14] On June 10, 2010, Ford filed the instant lawsuit against ConEd and the Union. Both defendants now move to dismiss.

## III. APPLICABLE LAW

### A. Motion to Dismiss

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "accept as true all of the factual allegations contained in the complaint"[15] and "draw all reasonable inferences in plaintiff's favor."[16] On the other hand, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[17] To survive a motion to dismiss, therefore, the allegations in the complaint must meet a standard of "plausibility."[18] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19]

---

[14]   *See id.* ¶ 32.

[15]   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007) (quotation marks and citation omitted).

[16]   *Ofori-Tenkorang v. American Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006).

[17]   *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009).

[18]   *Twombly*, 550 U.S. at 564.

[19]   *Iqbal*, 129 S. Ct. at 1949 (quotation marks and citation omitted).

B.  Hybrid "Section 301 / Duty of Fair Representation" Claim

Section 301 of the Labor Management Relations Act ("LMRA") preempts all breach of contract claims brought by an employee under a collective bargaining agreement ("CBA").[20] Likewise, the duty of fair representation — which is implied from the National Labor Relations Act ("NLRA")[21] — preempts any state law claim that relates to a union's exclusive right to represent a union member.[22] When an employee alleges both a breach of a CBA and a breach of a union's duty of fair representation, the claim is considered a hybrid "section 301 / duty of fair representation ("DFR")" claim.[23] The two claims that comprise a

---

[20] *See* 29 U.S.C. § 185(a) ("section 301"); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985). *Accord Vera v. Saks & Co.*, 335 F.3d 109, 114 (2d Cir. 2003).

[21] *See Ford Motor Co. v. Huffman*, 345 U.S. 330, 337-38 (1953).

[22] *See Vaca v. Sipes*, 386 U.S. 171, 177 (1967) (holding that state law claim of negligent representation alleges "a breach by the union of a duty grounded in federal statutes, and that federal law therefore governs"). *Accord Williams v. Local 1119, Drug Hospital Union*, No. 97 Civ. 9200, 1999 WL 435152, at *3 (S.D.N.Y. June 24, 1999); *Murray v. Nine Mile Point Nuclear Station, LLC*, No. 07 Civ. 0147, 2010 WL 3909472, at *10 (N.D.N.Y. Sept. 30, 2010) (holding that where a union misrepresents the status of a grievance, the misrepresentation claim is subsumed by the DFR claim and preempted by federal law).

[23] *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 164-65 (1983). *Accord Carrion v. Enterprise Ass'n, Metal Trades Branch Local Union 638*, 227 F.3d 29, 34 (2d Cir. 2000).

hybrid "section 301 / DFR" claim are "inextricably interdependent."[24] Because an employer's violation of a CBA is ordinarily enforced by the union, unless an employee proves both claims, he or she cannot prevail against either party.[25]

Hybrid "section 301 / DFR" claims are governed by a six-month statute of limitations pursuant to section 10(b) of the NLRA.[26] In a hybrid case, the cause of action accrues — and the statute of limitations begins to run — when the union member "knew or reasonably should have known that a breach of the [union's] duty of fair representation had occurred."[27] In the Second Circuit, the "bringing of an NLRB charge establishes that [a plaintiff] had actual knowledge of the breach."[28]

### C. Title VII Retaliation Claim

A plaintiff may bring suit under Title VII in a federal court "only if she has filed a timely complaint with the EEOC and obtained a right-to-sue

---

[24] *DelCostello*, 462 U.S. at 164.

[25] *See Carrion*, 227 F.3d at 34.

[26] *See Ode v. Terence Cardinal Cooke*, No. 08 Civ. 1528, 2008 WL 5262421, at *2 (S.D.N.Y. Dec. 12, 2008) (citing *DelCostello*, 462 U.S. at 155).

[27] *Kavowras v. The New York Times Co.*, 328 F.3d 50, 55 (2d Cir. 2003).

[28] *Id.*

letter."[29] A federal court "may only entertain Title VII claims that were raised in or are reasonably related to the claims in the plaintiff's EEOC charge."[30]

### D. Intentional Infliction of Emotional Distress

"Under New York law, a claim for intentional infliction of emotional distress requires a showing of (1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress."[31] Whether the alleged conduct is sufficiently extreme and outrageous is a matter of law for the courts to decide.[32] The extreme and outrageous requirement provides for liability only where the conduct has been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a

---

[29] *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001). *See also* 42 U.S.C. § 2000e-5(f).

[30] *Fleming v. Verizon N.Y., Inc.*, 419 F. Supp. 2d 455, 462 (S.D.N.Y. 2005).

[31] *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999) (citing *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121 (1993)).

[32] *See Koulkina v. City of N.Y.*, 559 F. Supp. 2d 300, 324 (S.D.N.Y. 2008) (citing *Howell*, 81 N.Y.2d at 121).

civilized society."[33] This standard is "rigorous and difficult to satisfy."[34]

### E. Amendments to Pleadings

"Rule 15(a) provides that, other than amendments as a matter of course, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[35] "[W]hether to permit a plaintiff to amend its pleadings is a matter committed to the Court's sound discretion."[36] The Supreme Court has explained that:

> [i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

---

[33] *Martin v. Citibank, N.A.*, 762 F.2d 212, 220 (2d Cir. 1985) (quotation marks and citations omitted).

[34] *Ifill v. United Parcel Serv.*, No. 04 Civ. 5963, 2005 WL 736151, at *8 (S.D.N.Y. Mar. 29, 2005) (quotation marks and citations omitted) (holding that employee's allegations that employer harassed, discriminated, demoted and retaliated against her were insufficient to state an IIED claim).

[35] *Slayton v. American Express Co.*, 460 F.3d 215, 226 n.10 (2d Cir. 2006) (quotation marks omitted).

[36] *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quotation marks omitted).

futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."[37]

"Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend."[38]

## IV. DISCUSSION

### A. Hybrid "Section 301 / Duty of Fair Representation" Claim

Ford alleges breaches of the CBA and the union's duty of fair representation. In addition, Ford alleges that union negligently misrepresented the status of his grievance.[39] Because this claim relates directly to the union's exclusive right to represent Ford, it is subsumed by the DFR claim. These three allegations constitute a hybrid "section 301 / DFR" claim subject to a six-month statute of limitations period beginning — at the latest — on the date Ford filed his NLRB complaint. Ford filed his NLRB complaint on September 30, 2009[40] but failed to file the instant lawsuit until June 10, 2010 — more than eight months

---

[37] *Foman v. Davis*, 371 U.S. 178, 182 (1962). *Accord, e.g., Jin v. Metropolitan Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002).

[38] *Lucente v. International Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (quotation marks and citations omitted).

[39] *See* Complaint ¶¶ 23-31.

[40] *See* NLRB Charge Against Labor Organizations or its Agents, Exhibit A to Defendant's Motion to Dismiss Second Amended Complaint.

later. Thus, the claim is barred by the statute of limitations and must be dismissed.

### B. Title VII Retaliation Claim

Ford failed to plead that he filed a complaint with the EEOC at any time alleging retaliation under Title VII and there is no indication that he did so. Thus, this claim must be dismissed for lack of jurisdiction.

### C. Intentional Infliction of Emotional Distress

Ford has failed to allege "extreme and outrageous" conduct so as to state an IIED claim. He does not allege that he was verbally abused, physically threatened, publicly humiliated, or permanently deprived of employment as required by cases finding an adequate IIED claim. Rather, he alleges that he was repeatedly denied training and unjustifiably disciplined in retaliation for a lawsuit he filed against his employer. These allegations are consistent with or less egregious than allegations made in other cases that have failed to state an IIED claim.[41] Ford's IIED claim is, therefore, dismissed.

### D. Leave to Replead

---

[41] *See, e.g., Ifill*, 2005 WL 736151, at *8; *Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293 (1983) (allegation that employer made certain plaintiff would not advance in company by confining him to routine work was insufficient to state an IIED claim); *Epifani v. Johnson*, 882 N.Y.S.2d 234 (2d Dep't 2009) (allegations that employer forced employee to perform humiliating tasks, required employee to stand all day, forbade employee from being in the presence of guests and demanded that employee bring her daughter to work and lock her in the dog's cage were insufficient to state an IIED claim).

It would be futile to grant Ford leave to amend his Title VII claim or his hybrid "section 301 / DFR" claim. These claims are barred, respectively, by a failure to file an EEOC complaint and by the statute of limitations. In addition, Ford has had three opportunities to allege facts sufficient to state an IIED claim and has failed to do so each time. There is no indication a fourth attempt would be any more productive. Accordingly, Ford's Complaint is dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, the joint motion to dismiss filed by ConEd and the Union is granted. The Clerk of the Court is directed to close this motion (docket # 31) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         March 10, 2011

## -Appearances-

**For Plaintiff:**

Jacqueline McMickens, Esq.
Jacqueline McMickens & Associates
26 Court Street, Suite 1600
Brooklyn, NY 11242
(718) 596-4877

**For Consolidated Edison Co. of N.Y., Inc.:**

Lynelle J. Slivinski, Esq.
Paul Limmiatis, Esq.
Consolidated Edison Co. of N.Y., Inc.
4 Irving Place
New York, NY 10003
(212) 460-3068

**For Local 1-2, Utitility Workers Union of America:**

David Mark Slutsky, Esq.
Levy Ratner, P.C.
80 Eighth Avenue, Eighth Floor
New York, NY 10011
(212) 627-8100